UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONITA J. STUBBS, ) | |
| on behalf of plaintiff and a class, ) | |
| ) | |
| v. ) | Case No. 12-cv-7235 |
| ) | |
| CAVALRY SPV I, LLC and ) | Judge John W. Darrah |
| CAVALRY PORTFOLIO SERVICES, ) | |
| LLC, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Donita Stubbs filed a Complaint against Defendants Cavalry SPV I, LLC ("Cavalry SPV") and Cavalry Portfolio Services, LLC ("CPS") on September 11, 2012, amending it on December 19, 2012. In her Amended Complaint, Stubbs alleged Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint. The motion has been fully briefed and is ripe for ruling.

## BACKGROUND

The following facts are drawn from Plaintiff's Amended Complaint and attached exhibits and are accepted as true for purposes of the Motion to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). Defendant Cavalry SPV is engaged in the business of purchasing defaulted debts originally owed to others. (Am. Compl. ¶ 12.) Defendant CPS is a collection agency and has filed thousands of lawsuits in Illinois courts against Illinois residents. (*Id.* ¶¶ 7-9.) Defendants have sought to collect an alleged debt from Plaintiff on a credit card balance. (*Id.* ¶ 17.) On March 16,

2012, CPS filed a lawsuit against Plaintiff in the Circuit Court of Cook County, Illinois.
(*Id*. ¶ 18.) In the complaint filed in that lawsuit, CPS attached an affidavit by employee
Stephanie Cappelli, containing the amount of debt allegedly owed by Plaintiff, as
documented by computerized account records. (*Id*. ¶¶ 19-20, 23.) In the affidavit,
Plaintiff provides, Cappelli stated:

> I am an agent and duly authorized representative for [CPS] and am competent to testify to the matter set forth herein. As of 12/5/2011, the balance due and owing by the account holder(s) on the account was $6,539.98, which balance is comprised of $4,504.65 of principal balance and $2,035.33 + $0 + $0 of other charges.
>
> In the normal course of business, [CPS] maintains computerized account records for account holders. [CPS] maintains such records in the ordinary course of business and is charged with the duty to accurately record any business act, condition, or event onto the computer record maintained for the accounts, with the entries made at or very near the time of any such occurrence. . . . In connection with the purchase of the account, Bank of America/FIA Card Services, N.A. transferred copies of its electronic business records to Cavalry SPV . . . which records were loaded into the computer system of [CPS] and which are maintained in electronic format.

CPS did not produce any underlying documents to support the information
alleged in Cappelli's affidavit. (*Id.* ¶ 24.) While Cappelli's Affidavit refers to a debt of
$6,539.98, the complaint filed by CPS in Cook County sought $6,542.44, a discrepancy
of $2.46. (*Id.* ¶ 28.) CPS does not produce any documents necessary to establish the
veracity of Cappelli's affidavit, and Cappelli did not review any Bank of America/FIA
Card Services, N.A. records prior to signing her affidavit. (*Id.* ¶¶ 25, 27.) On
information and belief, Plaintiff asserts Cappelli is a "robosigner" or an individual
designated to execute documents. (*Id.* ¶ 30.) Cappelli signs more than 1,000 documents
per day and does not research any of the information contained in the documents she

signs, nor is she held personally liable for the truth of the information in the documents she signs. (*Id.* ¶ 31.) The purpose of an affidavit like Cappelli's is to deceive debtors into believing Defendants can prove their case at trial. (*Id.* ¶ 38.)

Defendants acquire Bank of America/FIA debts pursuant to agreements that disclaim the accuracy of the information provided. (*Id.* ¶ 32.) The loans are sold "as is" and without warranty. (*Id.* ¶ 35.) Plaintiff retained counsel in the Cook County lawsuit and filed a motion to dismiss Defendants' complaint. (*Id.* ¶¶ 39-40.) Then, Defendants voluntarily dismissed the complaint in Cook County. (*Id.* ¶ 40.)

By submitting to a consumer an affidavit like the Cappelli affidavit, while concealing documents in which the account sellers effectively disclaim the accuracy of its records or information, Defendants perpetrate fraud on a consumer. (*Id.* ¶ 43.) In submitting the unsupported Cappelli Affidavit to consumers like Plaintiff, Defendants effectively represent that they can prove a debt, when they cannot. (*Id.* ¶ 48.) Plaintiff claims this activity violates the FDCPA. (*Id.* ¶¶ 47-48.)

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint . . . ." *Christensen v. Cnty. of Boone*, 483 F.3d 454, 458 (7th Cir. 2007). Under the federal notice pleading standards, "[a] plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (*Tamayo*) (internal quotations omitted).

When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff; all well-pleaded factual allegations are accepted as true, and all reasonable inferences are construed in the plaintiff's favor. *Id*. However, a complaint must allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (*Twombly*). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*Iqbal*). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. The plaintiff's allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

## ANALYSIS

Plaintiff brings a claim under the FDCPA; specifically, Plaintiff alleges Defendants' actions violated 15 U.S.C. § 1692e, which provides that "a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

Plaintiff alleges that Defendants, by engaging in lawsuits and submitting affidavits while failing to produce documents that demonstrate the accuracy of their records, perpetrate fraud on consumers. Defendants contend the Seventh Circuit's

4

opinion in *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470 (7th Cir. 2007) (*Beler*) is applicable to this case. (Defs.' Reply at 6.) *Beler* provides that "the state's rules of procedure, not federal law, determine which facts, and how much detail, must be included in documents filed with a clerk of court for presentation to a judge" and that "it is far from clear that the FDCPA controls the contents of pleadings filed in state court." *Id.* at 473. Defendants argue their disclosure or lack thereof is an evidentiary and procedural issue, to be excluded from FDCPA liability by *Beler's* rationale.

*Beler* involved a plaintiff who was dissatisfied with the complex language of documents submitted to a court by a debt collector. There, the Seventh Circuit stated that "Section 1692e does not require clarity in all writings. What it says is that '[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.' A rule against trickery differs from a command to use plain English and write at a sixth-grade level." *Id.* While the FDCPA provides a broad prohibition against misrepresentations of debt, the plaintiff's claim in *Beler* simply did not fall under the FDCPA.

Defendants argue that any contention by Plaintiff that Cappelli's affidavit was inadequate is insufficient to support a claim under the FDCPA. (Defs.' Mot. at 6.) However, Plaintiff only raises the issue of Cappelli's affidavit to further support its claim that Defendants made false statements to debtors; Plaintiff does not seek to advance the argument that Defendants violated the FDCPA for failure to follow Illinois procedural rules regarding pleadings. Moreover, Defendants have not pointed to any Illinois Rule of Procedure which requires the attachment of an affidavit to this Complaint.

Here, the question is whether or not Plaintiff stated a claim under the FDCPA. "[The FDCPA] is a broad prohibition, and while § 1692e has 16 subsections describing ways by which a debt collector could violate the FDCPA, that list is nonexhaustive, and a plaintiff need not allege a violation of a specific subsection in order to succeed in a § 1692e case." *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012) (citations omitted). Plaintiff, unlike Beler, does allege "trickery," namely, that Defendants provide fraudulent affidavits to consumers and that, therefore, Defendants' activities *are* prohibited under the FDCPA.

Plaintiff claims Defendants file lawsuits without reviewing or even possessing records of their borrowers' debts. Plaintiff further asserts that when a borrower appears to be knowledgeable about his or her debt, or retains counsel, Defendants typically dismiss their collection action. (Am. Compl. ¶ 37.) These factual allegations plausibly support a reasonable inference Defendants that fraudulently initiated a collection action against Plaintiff, or against other debt collection defendants, in violation of the FDCPA, 15 U.S.C.§ 1692e(4).

Plaintiff and Defendants dispute the relevance of some of Plaintiff's factual allegations: specifically, Defendants' "as is" purchase agreements and the $2.46 discrepancy in debt figures. These allegations are construed for purposes of this motion only insofar as they provide additional support for Plaintiff's claim that Defendants' assertion of the accuracy of the records by Defendants is false. Regardless, Plaintiff's claim is plausible even without these allegations. The scope of the FDCPA is broad; Plaintiff's Complaint states a plausible cause of action under the FDCPA. *See Tamayo*,

526 F.3d at 1081. Plaintiff's claims go beyond a speculative level, as required by *Twombly*, 550 U.S. at 555. A false statement is considered material when it influences a consumer's decision; here, Defendants' purported misrepresentations about possessing business records to support its case against Plaintiff are material as to how Plaintiff, as a consumer, might act. *See O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 942 (7th Cir. 2011) (quoting *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755, 757-58 (7th Cir. 2009)).

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss Plaintiff's Amended Complaint is denied.

Date: May 1, 2013

_____
JOHN W. DARRAH
United States District Court Judge