UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DONITA J. STUBBS, )
on behalf of herself and a class, )
)
    Plaintiff, )
) Case No. 12-cv-7235
    v. )
) Judge John W. Darrah
CAVALRY SPV I, LLC; and )
CAVALRY PORTFOLIO SERVICES, )
LLC; )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Donita J. Stubbs filed a Complaint against Defendants, Cavalry SPV I, LLC ("Cavalry SPV") and Cavalry Portfolio Services, LLC ("CPS") (collectively, the "Defendants"), asserting violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Illinois Collection Agency Act ("ICAA"), 225 ILCS 425/9. The parties filed cross-motions for summary judgment.

## LOCAL RULE 56.1

Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the party contends there is no genuine issue for trial." *Ammons v. Aramark Uniform Servs.*, 368 F.3d 809, 817 (7th Cir. 2004). Local Rule 56.1(b)(3) requires the nonmoving party to admit or deny every factual statement proffered by the moving party and to concisely designate any material facts that establish a genuine dispute for trial. *See Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). Pursuant to Local Rule 56.1(b)(3)(C), the nonmovant may submit additional statements of material facts that "require the denial of summary judgment." Local Rule 56.1(b)(3)(C) further permits the nonmovant to

submit a statement "of any additional facts that require the denial of summary judgment . . . ." To the extent that a response to a statement of material fact provides only extraneous or argumentative information, this response will not constitute a proper denial of the fact, and the fact is admitted. *See Graziano v. Vill. of Oak Park*, 401 F. Supp. 2d 918, 936 (N.D. Ill. 2005). Similarly, to the extent that a statement of fact contains a legal conclusion or otherwise unsupported statement, including a fact that relies upon inadmissible hearsay, such a fact is disregarded. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997).

## BACKGROUND

The following facts are taken from the parties' statements of undisputed material facts submitted in accordance with Local Rule 56.1.

CPS is a limited liability company chartered under Delaware law. (Dkt. 180-2, ¶ 1.) CPS and Cavalry SPV are affiliates. (*Id.* at ¶ 1.) Plaintiff opened a credit card account with Bank of America ("BOA") in June 2006. (*Id.* at ¶ 6.) The cardholder agreement states that it is governed by the laws of Delaware. (*Id.* at ¶ 15.) At some point, Plaintiff stopped making payments; and the account went into default. (*Id.* at ¶ 9.) The account was charged-off by BOA in August 2009. (*Id.* at ¶ 10). At that time, the interest rate on the account was 19.99 percent, and the principal balance was $4,504.65. (*Id.* at ¶¶ 11-13.)

BOA sold Plaintiff's account to Cavalry SPV on August 23, 2011. (Dkt. 187, ¶ 23.) Cavalry SPV filed suit against Plaintiff to collect the account on March 16, 2012. (Dkt. 180-2, ¶ 44.) Cavalry SPV included interest for the period between the charge-off date and the date BOA sold the account to Cavalry SPV. (Dkt. 187, ¶ 27). Attached to the state court collection suit was an Affidavit of Claim executed by Stephanie Cappelli. (Dkt. 180-2, ¶ 62.) The affidavit stated a $6,539.98 balance comprised of $4,504.65 of principal balance and $2,035.33 of other

costs. (Dkt. 187, ¶ 23.) The affidavit states, "I am informed and believe the above statements are true and correct." (Dkt. 45, Exh. F.) The lawsuit sought the amount of $4,504.65. (Dkt. 187, ¶ 36.)

Plaintiff went to file an appearance on August 27, 2012, by taking public transportation. (Dkt. 180-2 at ¶¶ 52, 56). Plaintiff obtained a waiver of the appearance fee. (*Id.* at ¶¶ 52-53.)

## LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Courts deciding summary judgment motions must view facts "in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the initial burden of establishing that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this burden, "[t]he nonmoving party must point to specific facts showing that there is a genuine issue for trial." *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009). The evidence must be such "that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## ANALYSIS

Count I alleges that Defendants engaged in deceptive collection practices in violation of the FDCPA by providing fraudulent affidavits to consumers. Count II alleges the addition of unauthorized interest to debts as both a deceptive collection practice and an unfair collection

practice under the FDCPA. Count III alleges the addition of unauthorized interest as a violation of the ICAA. Count IV is a class claim requesting declaratory and equitable relief.

*FDCPA*

<u>Retroactive Interest</u>

Plaintiff alleges that Defendants improperly added unauthorized interest to her debt in violation of § 1692e and § 1692f. Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . (2) The false representation of - (A) the character, amount, or legal status of any debt; . . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e, (2), (10). Section 1692f provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f, (1).

Under the FDCPA, a debt collector cannot "imply that certain outcomes might befall a delinquent debtor when, legally, those outcomes cannot come to pass." *Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir. 2012). Therefore, when a debt collector tries to collect interest that a previous creditor waived, that debt collector violates § 1692e. *See Simkus v. Cavalry Portfolio Servs., LLC*, No. 11-CV-7425, 2014 WL 287499 (N.D. Ill. Jan. 27, 2014).

The issue is whether BOA had waived its right to charge interest and other fees after charging-off Plaintiff's debt. Waiver is "the intentional relinquishment of a known right."

4

*Sethness-Greenleaf, Inc. v. Green River Corp.*, 65 F.3d 64, 67 (7th Cir.1995). A party may impliedly waive its contractual rights by taking 'actions inconsistent with the assertion of those rights.' *Cent. States, Se. & Sw. Areas Pension Fund v. Schilli Corp.*, 420 F.3d 663, 672 (7th Cir. 2005) (quoting *Bank v. Truck Ins. Exch.*, 51 F.3d 736, 739 (7th Cir. 1995)).

It is undisputed that the cardholder agreement states that it is governed by the laws of Delaware. (Dkt. 180-2, ¶ 15). Courts generally defer to the parties' designated choice of law provision in the contract. *Simkus v. Cavalry Portfolio Servs., LLC*, No. 11-CV-7425, 2014 WL 287499 (N.D. Ill. Jan. 27, 2014). "Under Illinois law, an express choice of law provision in a contract will be given effect provided that (1) it does not contravene a fundamental public policy of Illinois, and (2) the state chosen bears a reasonable relationship to the parties or the transaction." *Amakua Dev. LLC v. Warner*, 411 F. Supp. 2d 941, 948 (N.D. Ill. 2006). In this case, the imposition of Delaware law would not contravene a fundamental public policy of Illinois; and, as BOA is a Delaware company, Delaware bears a reasonable relationship to the parties and the transaction for a waiver analysis.

Under Delaware law, "[w]aiver implied from circumstances is a question of fact dependent upon the particular facts of the case, and it is usually for the jury to say whether the conduct of the party evidences a conscious and voluntary abandonment of some right or privilege." *Nathan Miller, Inc. v. N. Ins. Co. of New York*, 39 A.2d 23, 25 (Del. Super. 1944). Therefore, whether BOA impliedly waived interest on Plaintiff's account is a question of fact for the jury to determine; and summary judgment is improper.

Plaintiff also alleges that the imposition of retroactive interest by Defendants violated § 1692f(1). That section is "directed at debt collectors who charge fees not contemplated by the original agreement, not debt collectors who seek to charge fees contemplated by the agreement

5

but arguably waived thereafter." *Terech v. First Resolution Mgmt. Corp.*, 854 F. Supp. 2d 537, 544 (N.D. Ill. 2012). It is undisputed that the interest rate on Plaintiff's credit card account was 19.99 percent in August 2009. (Dkt. 180-2, ¶ 11.) And Plaintiff does not allege that BOA could not charge interest on any unpaid balances under the agreement. (*Id.* at ¶ 7.) Defendants cannot have violated § 1692f(1) as interest was clearly contemplated in the agreement between Plaintiff and BOA. Defendants' Motion for Summary Judgment is granted as to Plaintiff's § 1692f(1) claim.

### Affidavits

Plaintiff also alleges that CPS used false affidavits in violation of the FDCPA. As fully set out above, § 1692e forbids any false, deceptive, or misleading representation or means in connection with the collection of any debt, including: a false representation of the amount of the debt, the threat to take any legal action that cannot be taken, and the use of any false representations or deceptive means to collect any debt. *See* 15 U.S.C. § 1692e, (2), (10).

Plaintiff alleges that the Cappelli affidavit is false because Cappelli lacked personal knowledge. Specifically, Plaintiff argues that: (1) the information that Cappelli used to verify the accuracy was based upon the records of BOA and not her own knowledge; (2) the statements were made without familiarity with the hardware and software that BOA used to convey records to Defendants; (3) the statements were made without familiarity with BOA's record-keeping practices; (4) Cappelli had no first-hand knowledge of how BOA's records were uploaded to Defendants or how the records were maintained; and (5) Cappelli did not review any bill of sale or assignment transferring ownership of Plaintiff's debt to Defendants and was not familiar with the loan sale agreement between BOA and Defendants.

6

However, "insufficient evidence or documentation claims based on the filing of a state court complaint do not constitute viable claims under section 1692e." *Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 781 (E.D.N.C. 2011) (quoting *Donatelli v. Warmbrodet*, No. 08-CV-1111, 2011 WL 2580442, at *6 (W.D.Pa. June 28, 2011)). Furthermore, the affidavit does not claim that Cappelli has personal knowledge. The affidavit states that she is informed and believes the statements are true and correct. (Dkt. 45, Exh. F.) While Cappelli did not generate the records, she did not need to have individual knowledge of the records themselves or need to be the individual who created the records. *See Thanongsinh v. Bd. of Educ.*, 462 F.3d 762, 777 (7th Cir. 2006). Plaintiff does not cite to any authority requiring first-hand knowledge of the transfer methods for the records or knowledge of the agreement to transfer records. It is also undisputed that Cappelli received training on the process by which BOA transferred its records to Cavalry. (Dkt. 220, ¶ 5.) However, it is disputed that Cappelli checked all the information relative to Plaintiff's account in Cavalry's database. (*Id.* at ¶ 2.) Whether she was fully informed about the statements in the affidavit is a question of material fact, precluding summary judgment.

The affidavit may be false in that it lists $2,035.44 of other charges. (Dkt. 45, Exh. F.) To the extent that some amount of the other charges are interest that may have been waived by BOA, the affidavit may or may not be false. Whether BOA waived interest is a question of fact for the jury. Summary judgment as to the affidavit is denied.

### *ICAA*

Plaintiff also alleges the addition of unauthorized interest violates the ICAA. That statute allows the Illinois Department of Financial and Professional regulation to:

> refuse to issue or renew, or may revoke, suspend, place on probation, reprimand
> or take other disciplinary action as the Department may deem proper, including

> fines not to exceed $5,000 for a first violation and not to exceed $10,000 for a second or subsequent violation, for any one or any combination of the following causes: . . . (20) Attempting or threatening to enforce a right or remedy with knowledge or reasons to know that the right or remedy does not exist. . . .
> (26) Misrepresenting the amount of the claim or debt alleged to be owed. . . .
> (27) Representing that an existing debt may be increased by the addition of attorney's fees, investigation fees or any other fees or charges when such fees or charges may not legally be added to the existing debt. . . . (29) Collecting or attempting to collect any interest or other charge or fee in excess of the actual debt or claim unless such interest or other charge or fee is expressly authorized by the agreement creating the debt or claim unless expressly authorized by law.

225 ILL. COMP. STAT. 425/9(20), (26), (27), (29).

Defendants argue that the ICAA does not provide a private right of action and that Plaintiff did not suffer actual damages. It is well-settled that the ICAA provides for a private right of action. *See Grant-Hall v. Cavalry Portfolio Servs., LLC*, 856 F. Supp. 2d 929, 940 (N.D. Ill. 2012). However, to state a personal claim under the ICAA, a Plaintiff must show actual damages. *Herkert v. MRC Receivables Corp.*, 655 F. Supp. 2d 870, 881 (N.D. Ill. 2009). Attorneys' fees are not considered actual damages under the ICAA. *Id.* An appearance fee has been construed to be actual damages for the purposes of the ICAA. *Id.* Plaintiff did not pay the appearance fee, as it was waived. (Dkt. 180-2, ¶53.) Nevertheless, Plaintiff did have actual damages in travel costs incurred defending herself against Defendants' lawsuit to collect her debt.

Plaintiff's claim under the ICAA also hinges on whether BOA waived the right to charge interest. Summary judgment is denied as to the ICAA count.

**CONCLUSION**

For the reasons set forth above, Plaintiff's Motion for Summary Judgment [159] is denied. Defendants' Motion for Summary Judgment [167] is denied except as to Plaintiff's § 1692f(1) claim in Count II, and summary judgment is entered in favor of the Defendants on that claim.

Date:     January 8, 2015          /s/ _____
                                    JOHN W. DARRAH
                                    United States District Court Judge